21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Everett NEWBLE, aka: Ronald Evertt Newble,
Defendant-Appellant.
 No. 93-50637.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 11, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Everett Newble appeals his 8-month sentence imposed following entry of a guilty plea to possession of document making implements in violation of 18 U.S.C. Sec. 1028(a). Newble contends the district court erred by adjusting upward his offense level pursuant to U.S.S.G. Sec. 3B1.1(c) based on a finding that he was a "manager or supervisor" in the offense. We have jurisdiction under 28 U.S.C. Sec. 1291 and vacate and remand for resentencing.
 
 
 3
 We review for clear error the district court's determination that Newble was "an organizer, leader, manager, or supervisor." See United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994). Circumstances justifying an increase from the base offense level must be proven by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990).
 
 
 4
 Newble challenges the two-level upward adjustment to his offense level for being a manager or leader because he contends that he was the only person involved in the offense who was criminally responsible. Section "3B1.1 only applies when the offense is committed by more than one criminally responsible person." United States v. Anderson, 942 F.2d 606, 614 (9th Cir.1991) (en banc).
 
 
 5
 To support Newble's adjustment for aggravating role in the offense, it was first necessary for the district court to find that another person was criminally responsible for the offense of conviction. See United States v. Niven, 952 F.2d 289, 291-92 (9th Cir.1991) (per curiam); United States v. Helmy, 951 F.2d 988, 997 (9th Cir.1991), cert. denied, 112 S.Ct. 2287 (1992). Although the presentence report (PSR) contained evidence from which the district court could conclude that a female juvenile was also criminally responsible for the commission of the instant offense, no such finding was suggested in the PSR or made by the court.
 
 
 6
 Accordingly, we must vacate Newble's sentence and remand for resentencing. See Niven, 952 F.2d at 292; Helmy, 951 F.2d at 997.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3